IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Charles L. Freeman, III, et al.,

      Plaintiffs,

vs.                                          Case No. 14-4071-JTM

Baxter Bailey & Associates, and Bill Ivey,

      Defendants.

MEMORANDUM AND ORDER

This is a *pro se* civil action brought by Topeka, Kansas resident Charles L. Freeman III on behalf of himself and two associated Kansas business entities, Renegade Freight Brokerage & Transportation and Renegade Transportation, against a Mississippi debt collection agency, Baxter, Bailey and Associates, along with Bill Ivey, one of its employees. Freeman alleges the defendants damaged his freight brokerage business by giving false and misleading information to his customers.

On July 18, 2014, a prior state court suit by Freeman against the defendants for fraud, slander and defamation was dismissed for failure to state a claim.

On July 30, 2014, Freeman obtained a summons in support of the present federal action. The summons gives the defendants' address as Brenda L. Head, #15657, 1414 S.W. Ashworth Place, Suite 201, Topeka, KS 66604. The same day, Freeman had a cover letter, the Summons and the Complaints left with the receptionist at the Frieden, Unrein & Forbes law firm in Topeka.

Ms. Head is not authorized to accept service of process on behalf of either defendant. On August 4, 2014, Plaintiffs were notified by letter that Head was not authorized to accept service, and that delivery of the documents to Freiden, Unrein was not sufficient service of process

The defendants have moved to dismiss the action. They content that service was insufficient as to Ivey, under Fed.R.Civ.Pr. 4(e), which incorporates state process rules. K.S.A. 60-304(a) governs service of process on individuals:

> Upon an individual other than a minor or a disabled person, by serving the individual or by serving an agent authorized by appointment or by law to receive service of process, but if the agent is one designated by statute to receive service, such further notice as the statute requires shall be given. Service by return receipt delivery shall be addressed to an individual at the individual's dwelling house or usual place of abode and to an authorized agent at the agent's usual or designated address. If service by return receipt delivery to the individual's dwelling house or usual place of abode is refused or unclaimed, the sheriff, party or party's attorney seeking service may complete service by certified mail, restricted delivery, by serving the individual at a business address after filing a return on service stating the return receipt delivery to the individual at such individual's dwelling house or usual place of abode has been refused or unclaimed and a business address is known for such individual.

The plaintiffs have the burden of demonstrating the service was valid. *Oltermari v. Kansas Soc. & Rehab. Serv.*, 871 F.Supp. 131, 1349 (D. Kan. 1994). Here the plaintiffs have done nothing to show that Ivey was properly served in accordance with state law.

K.S.A. 60-304(e) governs service of process on corporations. The statue provides process against such entities may be obtained by:

(1) Serving an officer, manager, partner or a resident, managing or general agent;

(2) leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof; or

(3) serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

There has been no showing that Freeman served any officer, partner or general agent of Baxter Bailey. Nor was service presented to its business offices. And, again, there has been no showing that local counsel was authorized to receive service of process.

In response to defendants' motion, Freeman simply reasserts, without any citation to legal authority, that the defendants were properly served based on the presentation of the summons to defendants' Kansas attorney. In addition, the plaintiffs now state they obtained service by "by United States Mail on July 31, 2014 by email with attachment," "by United States Mail certified return receipt request on July 31, 2014 which was return [sic] stating wrong address," and later "by United States Mail certified return receipt requested again on September 3, 2014." Finally, they assert that service was properly obtained by a posting about the lawsuit on Freeman's personal website.

The court will grant the motion to quash. The plaintiffs present no authority for the propositions that email or a website posting may somehow satisfy the otherwise clear rules for service of process under Rule 4(e).[1] The plaintiffs have presented no valid Return of Service with respect to any of the purported mailings. The only summons issued in the action was the original summons, which was incorrectly addressed to defendants' Kansas attorney. There has been no showing of a valid summons issued to any registered agent of the defendants, or the valid delivery of such Summons to a registered agent.

The court notes that defendants seek alternatively the quashing of the summons or dismissal for lack of personal jurisdiction. The court denies the motion to dismiss without prejudice, but grants

---

[1] Under certain circumstances, such service may be sufficient under Fed.R.Civ.Pr. 4(f), which governs actions against individuals outside the United States. *See, e.g., Rio Properties v. Rio Intern. Interlink*, 284 F.3d 1007, 1017-18 (9th Cir. 2002).

3

the motion to quash. "[D]ismissal is not the appropriate remedy when there is a reasonable prospect that service may yet be obtained." *Brand v. Mazda Motor of America*, 920 F.Supp. 1169, 1172-73 (D. Kan. 1996) (citing *Umbenhauer v. Wong*, 969 F.2d 25, 30 (3rd Cir.1992)). *See Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n. 2 (10th Cir. 1983).

The plaintiffs are directed to submit proper proof of service within 20 days of the present Order.

IT IS ACCORDING ORDERED this 20th day of October, 2014, that the defendants' Motion to Dismiss or Quash (Dkt. 5) is granted as provided herein.

s/ J. Thomas Marten
J. THOMAS MARTEN, CHIEF JUDGE