IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Charles L. Freeman, III,

    Plaintiff,

vs.                                        Case No. 14-4071-JTM

Baxter Bailey & Associates, and Bill Ivey,

    Defendants.

MEMORANDUM AND ORDER

       Plaintiff Charles L. Freeman, III, has brought the present action against defendant Baxter Bailey and Associates, a Mississippi debt collection agency, as well as one of its employees, Bill Ivey, a resident of Tennessee.[1] The defendants moved to dismiss the action for improper service of process, arguing that Freeman had failed to serve a proper agent for Baxter Bailey. The defendants argued service was improper as to Ivey, since Fed.R.Civ.Pr. 4(e) and K.S.A. 304(a) combine to require service upon him in Tennessee.

       On October 20, 2014, the court denied the motion to dismiss, but granted the accompanying motion to quash, finding that Ivey was not properly served. The court held that Freeman's attempt to serve Baxter Bailey's Kansas counsel was insufficient. The court also rejected Freeman's

---

[1] The pro se Complaint also purports to seek relief on behalf of two business entities, Renegade Freight Brokerage & Transportation and Renegade Transportation. "[G]iven the well-established rule that business entities may only appear in court by a licensed attorney," *Cooper v. Regent Mgmt. Solutions-Kansas*, No. 10-2634-JAR, 2012 WL 3238139, *1 (D. Kan. 2012), the claims of these two companies are not properly before the court.

argument that he had obtained service by emailing Baxter Bailey, or by posting notice of his claim on his website. The Order gave Freeman 20 days to effect proper service of process.

On November 7, 2014, Freeman filed a pleading entitled "SERVICE CONPLETE [sic] ON DEFENDANTS." (Dkt. 10). However, this pleading only references the attempts to serve defendants which were previously deemed insufficient in the court's October 20 Order. The pleading gives no valid indication of any attempt to properly serve defendants after the Order.

On November 13, 2014 — after the deadline set by the court for proper service — Freeman submitted as returns of service two United States Postal Service express mail receipts, indicating summons had been sent to Meredith Resor or Baxter, and to Bill Ivey. The receipts were signed by a Donna Kelley.

The defendants have now renewed their Motion to Dismiss (Dkt. 12). They point out that the exhibit to Freeman's November 7 pleading is directly contradictory – asserting that he obtained a new summons against Ivey and Meredith Baxter (or Meredith Resor) on November 6, 2014, yet somehow served them two months earlier, on September 4, 2014. (Dkt. 10, at 5-6). Second, the defendants note that the registered mail receipts fail to show that Donna Kelley, who apparently works in the mail room of Baxter Bailey, is in fact a person "having charge" of the defendants' "business offices" under K.S.A. 60-304(e)(2) or is otherwise is authorized to receive process under 60-304(e)(3). *See Lee v. CLK Mgmt.*, No. 09-2191-JAR, 2009 WL 1956487, *2 (D. Kan. 2009) (finding no substantial compliance with statute where summons left with receptionist, since "there was no indication that the receptionist was empowered to accept service of process"). *Cf. Sellens v. Telephone Credit Union*, 189 F.R.D. 461 (D. Kan. 1999) (leaving summons with secretary who affirmatively informed process server that "she could take the summons").

On December 15, 2014, Freeman moved for an extension of time to serve process under FED.R.CIV.PR. 4(m), citing his earlier attempts to serve process, and indicating that he has only recently learned that corporate defendant Baxter Bailey only authorizes a separate entity (CT Corporation Systems of Flowood, Mississippi) to accept service of process.

Freeman has also filed a response to the second motion to dismiss (Dkt. 16), but this simply recites events prior to the court's October 20th Order, and then quotes verbatim the text and Advisory Committee Notes to Rule 4. Otherwise, Freeman simply asserts that the defendants' motions are made "to prolong and harass the plaintiff's [sic]." (Dkt. 15, at2). He argues that the second motion to dismiss should be denied "[b]ecause the Court has jurisdiction over the defendants." (Id. at 3).

The court hereby denies Freeman's Motion to Extend and grants the defendants' Motion to Dismiss. Plaintiff first filed his Complaint on July 20, 2014, and has still failed to obtain proper service of process. More importantly, Freeman has failed to make any showing of why proper service was not obtained by November 9, 2014 (as specified in the court's October 20 Order). Instead, Freeman continues to invoke his service efforts which the court previously held to be ineffective.

The requested extension is denied, given the failure to comply with the court's deadlines, the repeating warnings and notice to plaintiff that service was insufficient, and the failure to explain why proper service could not have been achieved previously, Further, under D.Kan.R. Rule 6.1, the motion is itself untimely.

As the court noted in its earlier Order, the burden is on the plaintiff to show that service has been properly effected. Plaintiffs have failed to show proper service on any of the defendants. The

question of jurisdiction is separate from the requirement for effective service of process, and it is not harassment to require plaintiff to comply with the rules for such service.

IT IS ACCORDINGLY ORDERED this 6th day of January, 2015, that the defendants' Motion to Dismiss or Quash (Dkt. 12) is granted as provided herein.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE